UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SIMPSON,

                 Petitioner,                Case Number 08-11390
                                             Honorable David M. Lawson

v.

THOMAS BIRKETT,

                 Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

The petitioner, Robert Simpson, a Michigan prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Simpson challenges his Wayne County, Michigan circuit court conviction for assault with intent to rob while armed on the grounds that his trial and appellate counsel were constitutionally ineffective. The respondent has filed an answer to the petition contending that review of some of the claims is barred by procedural default and the rest lack merit. The Court finds that the petitioner's claims lack merit and do not warrant habeas relief. The Court, therefore, will deny the petition.

I.

The petitioner's conviction arises from events which occurred on August 26, 2001 when a group of individuals assaulted Willie York, an alleged marijuana dealer, during an attempted armed robbery at his home in Detroit, Michigan. The trial testimony revealed that York was barbequing at his home when he saw four men get out of a car and walk into an alley. Later, one of the men, who was armed with a gun, approached York's home and fired several shots at the house. York returned fire and killed the shooter. Homicide investigators contacted the petitioner to question him about the shooting. After being advised of his rights and signing a waiver form, the petitioner made

a statement in which he admitted that he knew that the other men intended to rob York, he pointed out York's home, he was the "lookout" and waited by their getaway van, and he left the scene with two of the men. The petitioner also admitted that he expected to receive money and drugs from the robbery. The petitioner's statement was admitted in evidence at his bench trial along with the testimony of several witnesses, including Willie York. After considering the evidence, the trial court concluded that the petitioner acted as a lookout for the group and found him guilty as an aider and abettor of assault with intent to rob while armed. The trial court subsequently sentenced him to 15 to 50 years imprisonment.

Following sentencing, the petitioner, through appellate counsel, filed a motion for new trial and a request for evidentiary hearing arguing that his trial counsel was ineffective by failing to move to suppress the petitioner's statement to the police. The trial court conducted an evidentiary hearing during which trial counsel and the petitioner testified. The petitioner contended that his statement was involuntary because he was high on drugs and the police intimidated him and threatened him with a murder charge if he did not cooperate. The petitioner acknowledged that he gave his statement "a couple of hours" after being in custody. Defense counsel testified that he asked the petitioner about his police statement and the petitioner never told him anything that led him to believe that the statement was involuntary. The trial court found the petitioner's testimony incredible, accepted trial counsel's version of events, ruled that trial counsel was not ineffective, and denied the motion for new trial.

The petitioner filed his direct appeal in the Michigan Court of Appeals asserting that the prosecution presented insufficient evidence to support his conviction, trial counsel was ineffective by failing to challenge the voluntariness of his police statement, and the trial court erred in scoring

several offense variables at sentencing. The court affirmed the petitioner's conviction, but found sentencing error and remanded for re-sentencing. *People v. Simpson*, No. 240350, 2003 WL 22240968 (Mich. Ct. App. Sept. 30, 2003) (unpublished). The Michigan Supreme Court denied leave to appeal. *People v. Simpson*, 469 Mich. 1016, 677 N.W.2d 27 (2004). The trial court thereafter issued an amended judgment of sentence reducing the maximum term of imprisonment. The new sentence was 15 to 40 years imprisonment. The Michigan Court of Appeals affirmed the amended sentence. *People v. Simpson*, No. 253183, 2005 WL 1812712, *1 (Mich. Ct. App. Aug. 2, 2005). The petitioner did not further appeal that decision.

The petitioner subsequently filed a motion for relief from judgment in the state trial court, raising the same ineffective assistance of trial and appellate counsel claims presented to this Court on habeas review. The trial court denied the motion on the merits, finding that the petitioner had failed to establish that trial and appellate counsel were ineffective. *People v. Simpson*, No. 01-10433 (Wayne Co. Cir. Ct. Nov. 11, 2005). The Michigan Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Simpson*, No. 270220 (Mich. Ct. App. Nov. 9, 2006) (unpublished). The Michigan Supreme Court similarly denied leave to appeal. *People v. Simpson*, 478 Mich. 867, 731 N.W.2d 738 (2007).

The petitioner timely filed his federal habeas petition following the exhaustion of his state remedies. He raises the following claims:

> [He] was denied his Sixth Amendment right to the effective assistance of [appellate] counsel where appellate counsel neglected to argue [the following claims] during the appeal of right:
>
> A. That trial counsel was ineffective in failing to argue that defendant's statement was the product of an illegal detention following an arrest unsupported by probable cause; and

-3-

B.    That trial counsel was ineffective in failing to advance an alternative theory
where the evidence supported a conviction on a lesser included offense.

The respondent's answer alleges that the claims are barred by procedural default, lack merit, and do not warrant habeas relief.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

-4-

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770 (2011), the Court reiterated that the AEDPA requires federal habeas courts to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785-86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review.

-5-

The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, --- U.S. ---, ---, 130 S. Ct. 1855, 1862 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted); *see also Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

## A.

Before turning to the merits, the Court will address the respondent's argument that the petitioner's claims of ineffective assistance of appellate counsel are barred by the doctrine of procedural default. A procedural default is "a critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89 (1997). Such a default may occur if the state prisoner fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., make a contemporaneous

objection or file a motion for a directed verdict. *See Simpson v. Sparkman*, 94 F.3d 199, 202-03 (6th Cir. 1996). Procedural default will bar consideration of the merits of a federal claim if the state rule is actually enforced and is an adequate and independent ground for the state court's decision. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Monzo v. Edwards*, 281 F.3d 568, 575–76 (6th Cir. 2002).

In this case, the trial court addressed the petitioner's claims on the merits when denying his motion for post-conviction relief, and both Michigan appellate courts denied relief in standard form orders on the grounds that the petitioner had failed to demonstrate entitlement to relief under Michigan Court Rule 6.508(D). The Sixth Circuit has held that the form orders used by the Michigan appellate courts are unexplained because they are ambiguous as to whether they refer to a procedural default or the denial of right on the merits. *Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010). However, when the Court "look[s] through," *id.* at 291; *see also id.* at 293 (Boggs, J., dissenting), the unexplained orders of the Michigan appellate courts to the decision of the state trial court, it is quite clear that the court did not rely on the state court procedure or consider it a bar to the petitioner's claim.

There is good reason for this. Ineffective assistance of appellate counsel claims plainly cannot be raised on direct appeal as they do not arise before the appeal. *Hicks v. Straub*, 377 F.3d 538, 558 n.17 (6th Cir. 2004) ("Petitioner did not procedurally default his claim of ineffective assistance of appellate counsel. State collateral review was the first opportunity that petitioner had to raise this claim."). The petitioner raised his ineffective assistance of appellate counsel claims at his first opportunity to do so, in his motion for relief from judgment. *See Tucker v. Renico*, 317 F.

-7-

Supp. 2d 766, 772-73 (E.D. Mich. 2004). Consequently, his ineffective assistance of appellate counsel claims are not procedurally defaulted.

B.

The petitioner asserts that appellate counsel was constitutionally ineffective by failing to raise two claims of ineffective assistance of trial counsel on direct appeal of his conviction. The record shows that appellate counsel did raise an ineffective-assistance-of-counsel argument, but that argument addressed trial counsel's failure to challenge the petitioner's statement on the grounds of involuntariness. The petitioner maintains that trial counsel was ineffective for two other reasons — failing to challenge the admissibility of his statement on the alternate theory that it was the product of an illegal arrest, and failing to advance a defense theory pointing toward guilt of a lesser offense — and that appellate counsel was deficient for not raising those issues on direct appeal.

The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prevail on a claim of ineffective assistance of appellate counsel, the petitioner must demonstrate that appellate counsel's performance was deficient and that the deficient performance prejudiced the appeal. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The United States Court of Appeals for the Sixth Circuit has held that the determination of whether appellate counsel performed deficiently should be assessed in light of the following eleven factors:

> 1. Were the omitted issues "significant and obvious"?
> 2. Was there arguably contrary authority on the omitted issues?
> 3. Were the omitted issues clearly stronger than those presented?
> 4. Were the omitted issues objected to at trial?
> 5. Were the trial court's rulings subject to deference on appeal?
> 6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
> 7. What was appellate counsel's level of experience and expertise?

-8-

    8. Did the petitioner and appellate counsel meet and go over possible issues?
    9. Is there evidence that counsel reviewed all the facts?
    10. Were the omitted issues dealt with in other assignments of error?
    11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999); *see also Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006).

The Supreme Court has made clear that a criminal defendant has no constitutional right to demand that appellate counsel raise every possible colorable issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52). Appellate counsel thus need not raise every nonfrivolous issue, but he or she must exercise reasonable professional judgment. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (citing *Jones*, 463 U.S. at 751-53).

A petitioner is prejudiced by appellate counsel's deficient performance if a reasonable probability exists that, but for counsel's deficient performance, he would have prevailed on appeal. *See Riley v. Jones*, 476 F. Supp. 2d 696, 709 (E.D. Mich. 2007); *see also Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (appellate counsel may prejudice a defendant by omitting a "dead-bang winner," an "issue . . . obvious from the trial record . . . which would have resulted in reversal on appeal").

The petitioner has not shown that not raising the additional ineffective assistance of trial counsel claims identified above caused appellate counsel's performance to fall outside the wide range of professionally competent assistance.  Appellate counsel presented viable issues on direct appeal, including claims of insufficient evidence, ineffective assistance of trial counsel for not seeking suppression of the petitioner's statement on Fifth Amendment grounds, and sentencing error.  In fact, the Michigan Court of Appeals agreed with appellate counsel that re-sentencing was required, which resulted in a 10-year reduction in the petitioner's maximum sentence.  As further explained below, the petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising the claims contained in the motion for relief from judgment was deficient or unreasonable, nor has he shown that he was prejudiced by counsel's performance.

1.

The petitioner first asserts that appellate counsel was ineffective by failing to raise a claim that trial counsel was ineffective for not objecting to the admission of his police statement on the basis of pre-arraignment delay.  The petitioner states that he was arrested on August 29, 2001 and was arraigned on September 2, 2001.  The record reveals that he gave his inculpatory statement while in police custody on August 29, 2001.  The petitioner argues that his statement was the fruit of an illegal arrest and should have been suppressed because he was not arraigned within 48 hours of his arrest and the Supreme Court has found such a delay to be presumptively unreasonable.  *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991).  Trial counsel, the petitioner contends, was ineffective by failing to seek suppression of the statement on such a basis.

*Strickland*'s two-pronged test first requires the petitioner to demonstrate that trial counsel's performance was deficient.  *Strickland*, 466 U.S. at 687.  An attorney's performance is deficient if

-10-

"counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance means simply reasonableness under prevailing professional norms.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688).

The petitioner has not established that trial counsel erred by not raising the illegal-arrest theory to suppress the statement. Even assuming that a *McLaughlin* violation occurred, such a violation does not automatically result in suppression. The Supreme Court has explicitly declined to rule on the appropriate remedy for a *McLaughlin* violation. *See Powell v. Nevada*, 511 U.S. 79, 84 (1994). The federal courts in this circuit, *see Corley v. United States*, 129 S. Ct. 1558 (2009); *Evans v. Booker*, No. 05-CV-74075, 2007 WL 2516459, *6 (E.D. Mich. Aug. 30, 2007), and the Michigan courts have held that suppression of a statement is not *per se* required for a *McLaughlin* violation, *see People v. Manning*, 243 Mich. App. 615, 636-44, 624 N.W.2d 746, 754-55 (2000). Instead, "the existence of a delay is merely a factor to be considered in determining whether a statement was voluntary." *Evans*. 2007 WL 2516459, at *4. The other factors include police coercive activity, the length of detention, the defendant's age, education and intelligence level, his prior criminal experience, whether he was injured or under the influence of drugs or alcohol, whether he was advised of his rights, whether he was deprived of food, sleep, or medical care. *See People v. Cipriano*, 431 Mich. 315, 334, 429 N.W.2d 781, 790 (1988); *see also Withrow v. Williams*, 507 U.S. 680, 693-94 (1993). Under both state and federal law, the ultimate question is whether

-11-

"under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton*, 474 U.S. 104, 112 (1985).

The petitioner has not established that his statement was involuntary under the totality of the circumstances. Even accepting that the petitioner was arrested on August 29, 2001 and arraigned four days later on September 2, 2001, the record shows that he gave his police statement during custodial interrogation on August 29, 2001. The petitioner gave his statement on the day of his arrest, and the pre-arraignment delay was not a factor that could have contributed to his decision to talk. Furthermore, the record is devoid of evidence that his statement was otherwise involuntary. There is no credible evidence that the police engaged in coercive activity, that the petitioner was unable to understand or waive his rights, that he was subject to lengthy interrogation, or that he was deprived of any necessities while in custody. Although the petitioner argued on direct appeal that his statement was involuntary due to heroin use and police intimidation, the state courts found his testimony incredible and rejected that claim. Such a credibility determination is presumed correct, *see Miller*, 474 U.S. at 112, and the petitioner has not rebutted that presumption with clear and convincing evidence. Moreover, the petitioner does not re-assert his Fifth Amendment suppression claim here; rather his argument is that the delay in arraignment invalidated his statement. Such is not the case. The petitioner's statement was simply not the product of undue pre-arraignment delay.

Nor has the petitioner shown that he was prejudiced by his trial attorney's failure to raise the issue. An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

-12-

sufficient to undermine confidence in the outcome." *Id*. at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The argument that pre-arraignment delay rendered that petitioner's statement involuntary was very weak.  Trial counsel probably could not be faulted for failing to raise it, and appellate counsel's

choice to omit that argument from the issues on direct appeal is a tactical decision that is well within the range of professional norms.  "Because trial counsel performed adequately, the Court's inquiry 'is at an end; by definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit.'" *Riley v. Jones*, 476 F. Supp. 2d 696, 711 (2007) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  The petitioner has failed to establish that appellate counsel was ineffective as to that appellate issue.

2.

The petitioner next contends that appellate counsel was ineffective on direct appeal for not raising a claim that trial counsel was ineffective by failing to request consideration of the lesser cognate offense of attempted armed robbery as an alternative to the pursued defense of seeking outright acquittal.  That decision fairly can be relegated to the category of trial strategy.

Trial counsel's strategic decisions are entitled to deference however, and reviewing courts will not second-guess counsel's strategic decisions as long as those decisions are reasonable. *Strickland*, 466 U.S. at 490.  It was reasonable for trial counsel to seek a complete acquittal and to forego consideration of the lesser offense.  The petitioner's defense at trial was that he merely waited by a van more than a block away from the victim's house and that he did not participate in the

-13-

robbery. Had the lesser offense of attempt been included in the charge, the prosecutor's burden would have been less onerous and a conviction of the lesser offense even more likely. Moreover, an argument that the petitioner was only guilty of attempted armed robbery would have been incompatible with his primary defense that he was merely present while the other men committed the crime and he did not take any significant action to aid and abet their efforts. Given the circumstances of the case, trial counsel's defense tactics were reasonable. The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See, e.g., Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) ("[A]n ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken" (quoting *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001)). The petitioner has not established that trial counsel's performance was deficient.

Moreover, the petitioner cannot establish that he was prejudiced by trial counsel's conduct. As found by the Michigan Court of Appeals on direct appeal, the prosecution presented sufficient evidence to support the petitioner's conviction of assault with intent to rob while armed as an aider and abettor. Michigan law prohibits the crime of assault with intent to rob while armed by statute:

> Any person, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years.

Mich. Comp. Laws § 750.89. The elements of the offense are: (1) an assault, (2) an attempt to rob, (3) while armed. *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863, 873 (2003). To convict a defendant under an aiding and abetting theory, the prosecution must establish that the crime was committed by the defendant or some other person, that the defendant performed acts or

-14-

gave encouragement that aided or assisted in the commission of the crime, and that the defendant either intended to commit the crime or knew that the principal intended to commit the crime at the time he gave the aid or encouragement. *People v. Carines*, 460 Mich. 750, 757-58, 597 N.W.2d 130, 135 (1999).  The evidence at trial, including the petitioner's own statement, demonstrated that the petitioner pointed out the victim's house to the other men knowing their intent to commit an armed robbery, that at least one man was armed, that shots were fired at the victim during the attempted robbery, that petitioner waited by the car, and that he expected to receive proceeds from the robbery. The record establishes beyond a reasonable doubt that the petitioner aided and abetted the crime of assault with intent to rob while armed.  Consequently, the petitioner cannot demonstrate that he was prejudiced by trial counsel's failure to argue the lesser offense of attempted armed robbery.  No prejudice results from the failure to raise a potential defense, unless the defense would likely have succeeded at trial. *See, e.g., United States v. Holland*, 117 F.3d 589, 595 (D.C. Cir. 1997); *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995).  Such is not the case here.  The petitioner has failed to establish that he was prejudiced by counsel's conduct.

Again, because trial counsel was not ineffective under the *Strickland* test, the petitioner cannot demonstrate that appellate counsel was ineffective for not raising the foregoing issue on direct appeal of his conviction.  Habeas relief is therefore not warranted on this claim.

III.

The Court finds that the petitioner is not in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 13, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL